Mrs. Robert Seacord *v.* United States

No. 8083.—

Appraisement Entry 4812.

(Decided February 8, 1952)

Plaintiff not represented by counsel.
*Charles J. Wagner,* Acting Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

Mollison, Judge: This is an appeal for reappraisement of the values found by the United States Appraiser of Merchandise on

certain furniture, silver, glass, pillows, etc., comprising a shipment of household and personal goods exported from Denmark on February 22, 1950.

It appears from the record made at the trial that after the death of the plaintiff's brother in Denmark, she wished to purchase (presumably from his estate or from the person who inherited the articles) certain household and personal effects which had a sentimental value because they had belonged to the said brother. The price paid by the plaintiff for the articles was a total of 613 Danish kroner, equivalent approximately to $89 in the United States currency. It would appear from the record that separate prices were arrived at for individual articles or groups of articles. For example, it appears that $20 was paid for living-room furniture consisting of four chairs, one table, one sofa, two stools, and a whatnot which the appraiser returned at a value of $140. However, the complete breakdown of the prices actually paid was not given at the trial, but only the price paid for the furniture and the total price paid.

The appraiser returned each article or group of articles under its appropriate tariff classification and returned a value for each of such articles or group of articles, the total appraised value amounting to $246.50. It is apparently the plaintiff's claim that the correct value was no more than the approximately $89 which was paid for the goods. From the record made at the trial it appears that it was also the plaintiff's belief that the entire importation was entitled to free entry on some theory that it comprised an estate or inheritance.

In this proceeding, the purpose of which is to determine the value of the goods, the parties and the court are bound by the statutory definitions of value set forth in section 402, as amended, of the Tariff Act of 1930. These definitions, in general, seek to establish the value of such or similar goods when offered for sale under certain conditions in the foreign market. Proof of value is a somewhat technical process and possibly because of that fact the plaintiff, who was not represented by counsel, failed to establish such elements of the value of the goods as would make out a *prima facie* case in support of her contentions as to the correct value of the merchandise.

Under these circumstances the court is without power to grant the relief sought by the plaintiff in this proceeding, and on the record made has no other course open than to hold that the statutory presumption of correctness in favor of the values found by the appraiser has not been overcome, with the result that the values found by the appraiser must be adjudged to be the values of the respective items involved.

Insofar as any claim for exemption from duty is concerned, this is not the proper time nor the proper form of action in which such a contention may be maintained. Such claim may be made within

the time and under the circumstances outlined in section 514 of the Tariff Act of 1930.

Judgment will be issued accordingly.